UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATETIA SAWYERS,

    Plaintiff,

v.                                                  Case No: 8:23-cv-1862-CEH-SPF

COASTAL QSR HOLDINGS, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Defendant Coastal QSR Holdings, LLC's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 9). In the motion, Defendant requests dismissal of Plaintiff's Complaint or for a more definite statement. Plaintiff, Latetia Sawyers, who is proceeding *pro se*,[1] responds

---

[1] Parties who are proceeding *pro se*, which means without a lawyer, should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida on the Court's website at https://www.flmd.uscourts.gov/local-rules. A number of free resources are available for *pro se* parties. The Court encourages *pro se* parties to consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.fmd.uscourts.gov/litigants-without-lawyers. A *pro se* litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may also seek assistance directly from the Tampa Bay Chapter of the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. In addition, the Federal Bar Association, in conjunction with Bay Area Legal Services, staffs a weekly Legal Information Clinic for pro se litigants. The clinic is held at the Sam M. Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida on Tuesdays from 1:00-2:30 p.m. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Information regarding the program is available on the Court's website: https://www.flmd.uscourts.gov/legal-information-program.

in opposition. Doc. 17. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's motion and grant Plaintiff leave to file an Amended Complaint.

I.   **BACKGROUND**[2]

On August 17, 2023, Plaintiff Latetia Sawyers initiated this action against her former employer, Coastal QSR Holdings, LLC d/b/a Taco Bell for alleged violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621–634 ("ADEA"). Doc. 1. Plaintiff submitted her claims on the Court's form *pro se* employment discrimination complaint. *Id.* The Court draws the following facts from the Complaint, as well as from her Charge of Discrimination that she filed with the Florida Commission of Human Relations (Doc. 1 at 9), and which she attaches to her Complaint.

Plaintiff alleges she was discriminated and retaliated against based on her race and her age.[3] *Id.* at 4. She was born in 1978, and she was 43 years old at the time she

---

[2] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[3] In her Complaint, Plaintiff makes a vague reference to sex and/or sexual orientation discrimination, but it is unclear if Plaintiff is intending to make a discrimination claim based on her gender/sex. On the standard form Complaint, she does not check the box that Defendant discriminated against her based on her "gender/sex." *See* Doc. 1 at 4. However, on her Charge of Discrimination, she does check the box that the discrimination is based on "sex." *Id.* at 9. As Plaintiff is being afforded the opportunity to file an amended complaint, to the extent she intends to bring a claim based on gender/sex, she should include in a separate count with separately numbered paragraphs all facts upon which she relies for such claim.

filed her Charge of Discrimination. *Id.* at 4, 10. On the form complaint, Plaintiff checked the boxes indicating she was subjected to unequal treatment and conditions of her employment and retaliation during the time frames of October to November 2020 and in February 2021. *Id.* at 4.

Plaintiff was hired October 11, 2020, as a general manager at Taco Bell by Joel Carmona, her Area Coach. *Id.* at 4, 9. Plaintiff alleges that Carmona subjected her to racial name calling and talked down about her age to others. *Id.* Her Area Coach called her by a derogatory name (Shenana), referring to a guy dressed like a girl from the Martin Lawrence Show, which was an intended reference to a gay, black, uneducated male. *Id.* at 9. Plaintiff requested that he stop, but he did not, which led to bullying by other employees. *Id.*

In November and December 2020, Plaintiff corrected the month-end books, resulting in Carmona and the other three white general managers not receiving their bonuses. Plaintiff complained to human resources that she was being harassed and called derogatory remarks because she called out Carmona and others about the inflated numbers in the accounting books. *Id.* at 10. Plaintiff asserts she was retaliated against by her shifts being purposely "sabotaged," people spoke disrespectful to her, and she was bullied. *Id.* at 4. Plaintiff's rate of pay was discussed among managers and employees, which caused some jealousy. *Id.* Plaintiff reported her complaints to Taco Bell's human resources department, but rather than resolve the issues, Plaintiff was transferred to another Taco Bell store, demoted to working under other general managers, and was advised she needed additional training. *Id.*

Plaintiff alleges she worked 18 hours straight and fell ill. *Id.* at 10. Although she reported to her manager that she was ill due to food poisoning or the stress the company was causing her, she was told that she had quit, which she denies. *Id.* She asserts she was harassed with race, age, and sexual orientation comments. *Id.* She claims she was intimidated, transferred to another store, and discharged in retaliation for complaining of discriminatory practices. *Id.*

Defendant Taco Bell moves to dismiss Plaintiff's Complaint, or in the alternative, requests Plaintiff file a more definite statement. Doc. 9. Plaintiff responds in opposition arguing the Complaint is on a standard court-approved form and Defendant fails to consider the facts included in her Charge of Discrimination that she attaches to her complaint. Doc. 17.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

In addition to including "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78; each claim must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b).

**B.     Motion for More Definite Statement**

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement if "a pleading to which a responsive pleading is allowed ... is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Courts must liberally construe *pro se* briefs. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (recognizing that the Court "read[s] briefs filed by pro se litigants liberally").

While pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), they still must meet minimal pleading standards. *See Beckwith v. Bellsouth*

5

*Telecomm. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

## III. DISCUSSION

Defendant seeks dismissal of Plaintiff's Complaint arguing that her Complaint is not separated into coherent numbered paragraphs, includes extraneous and irrelevant information, is vague and ambiguous, and fails to allege factual circumstances to support her claims. Alternatively, Defendant requests Plaintiff be required to file a more definite statement because, as pleaded, Defendant is unable to respond to her "scattershot allegations."

### A. Shotgun Pleading

Defendant argues the Plaintiff's Complaint must be dismissed as a shotgun pleading. Here, Plaintiff has filed her Complaint using a standard court-approved form. Given that, coupled with the fact that the Court should construe *pro se* pleadings liberally, the Court will not outright dismiss Plaintiff's claims. However, Defendant is correct that a complaint that does "not separate[e] into a different count each cause of action or claim for relief" is an impermissible shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). The problem with the Plaintiff's Complaint here is that she asserts multiple claims, but then she addresses them factually altogether in a single paragraph. *See* Doc. 1 at 4. Accordingly, Defendant's Motion for More Definite Statement will be granted and Plaintiff will be required to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. In amending her complaint, Plaintiff must

include facts to support her three claims (racial discrimination, age discrimination, and retaliation) in three separate Counts with numbered paragraphs within each Count. Plaintiff should include all facts related to each claim within its respective count.[4]

Plaintiff has attached her Charge of Discrimination to the Complaint. Doc. 1 at 9–10. The Court may consider documents attached to Plaintiff's complaint on the instant motion. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). For purposes of clarity, however, Plaintiff should include in the amended complaint all facts from the Charge that she relies upon for her claims.

### B.   Discrimination Based on Race

Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975). In its motion to dismiss, Defendant argues that Plaintiff's claim for race discrimination fails because she does not specify the racial name-calling she was subjected to. As Plaintiff's response points out, however, her Charge of Discrimination provides more specific factual detail regarding the alleged racial remarks. She states that Carmona referred to her as "Shenana," which she explains is a racially derogatory reference. It is well settled in this Circuit that the use of racial slurs is direct evidence of a defendant's discriminatory intent. *See Merritt v. Dillard Paper Co.*, 120 F.3d 1181,

---

[4] Plaintiff may list general factual allegations that apply to all three counts in an initial set of numbered paragraphs that Plaintiff may incorporate by reference into each of her three Counts containing her three claims.

1189–90 (11th Cir. 1997) (collecting Eleventh Circuit cases in which racial slurs were held to constitute direct evidence of discriminatory intent). Plaintiff identifies white managers who were not subjected to derogatory comments and discriminatory treatment, and she alleges that she complained to human resources regarding the race-based comments directed at her. It is not clear that a single reference to Plaintiff as "Shenana" would establish a claim of racial discrimination, but in a light favorable to Plaintiff, she likely alleges enough facts to survive a Rule 12(b)(6) motion. However, in amending her complaint, Plaintiff should be sure to include all facts and racially derogatory statements upon which she relies for her claim of race discrimination.

### C. Retaliation

Plaintiff also pleads facts showing that she was subjected to retaliation. Plaintiff alleges that she complained to human resources about the discriminatory comments, and as a result, she was transferred to another Taco Bell, was required to work under another manager, and was told she needed additional training. She also alleges she was constructively discharged by being told she quit even though she had not. *See, e.g., Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010) (plaintiff establishes *prima facie* case of retaliation if plaintiff shows that (1) he engaged in a statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression). Because Plaintiff will be allowed to amend her Complaint, Plaintiff should allege all facts upon which she relies in a separate Count for retaliation with each set of facts contained in separately numbered paragraphs.

### D. Discrimination Based on Age

The ADEA prohibits employers from discriminating against an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). "The Supreme Court has made clear that a plaintiff does not need to establish a *prima facie* age-discrimination case in order to survive a Rule 12(b)(6) motion to dismiss." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). However, the complaint "must nonetheless provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan*, 727 F. App'x at 641.

As to Plaintiff's age discrimination claim, Plaintiff's allegations fall short. Other than saying she was "talked down" about her age, she alleges no further facts related to her age discrimination claim or to otherwise indicate that she was treated differently from others or retaliated against because of her age. Thus, Plaintiff's claim under the ADEA is due to be dismissed, and Plaintiff will be permitted to re-plead.

### IV. CONCLUSION

Defendant's motion to dismiss will be granted to the extent that Plaintiff's age discrimination claim will be dismissed for failure to state a claim. Defendant's motion for more definite statement will be granted because Plaintiff's Complaint is a shotgun pleading. Plaintiff will be given an opportunity to amend her complaint. In so doing, Plaintiff may use the Court's standard form Complaint for Employment Discrimination, but in the facts section (Section III E), she should re-plead her claims

in a numbered paragraph format that will allow the Defendant to respond to the allegations. Plaintiff may attach additional pages as needed.

The Court cautions Plaintiff that, in her amended complaint, she should clearly state specific supporting facts that explain the basis for each of her claims. She should include all of her allegations in her amended complaint and not refer to the original complaint. An amended complaint completely replaces the original complaint and claims not raised in the amended complaint are deemed abandoned. *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) ("[T]he rule that an amended complaint supersedes the original complaint . . . means that specific claims made . . . in the original complaint are not preserved unless they are also set forth in the amended complaint." (internal quotation marks and citation omitted)). Plaintiff may include her Charge of Discrimination as an exhibit to the Amended Complaint, but she should include any facts from it upon which she relies in the numbered paragraphs of the Amended Complaint.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 9) is **GRANTED,** as set forth above.

2. Plaintiff's Complaint is dismissed without prejudice. Plaintiff may file an Amended Complaint that corrects the deficiencies noted herein.

3. The Amended Complaint must be filed within **THIRTY (30) DAYS** of this Order. Failure to file an Amended Complaint within the time permitted will result in dismissal of the action without prejudice and without further notice.

4. Within **THIRTY (30) DAYS**, the parties shall, pursuant to Middle District of Florida Local Rule 3.02(a), conduct (in person, by telephone, or by comparable means) the planning conference required by the Federal Rules of Civil Procedure and must file a case management report using the standard form on the court's website.

4. The Clerk is directed to send to Plaintiff a copy of the standard form "Complaint for Employment Discrimination" and a standard form case management report, along with her copy of this Order.

**DONE AND ORDERED** in Tampa, Florida on May 21, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Latetia Sawyers, *pro se*
Counsel of Record